[No. 26531.  Department One.  March 3, 1937.]

THE STATE OF WASHINGTON, *on the Relation of R. B. McAdam, Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY *et al., Respondents.*[1]

*Earl W. Husted,* for relator.

*A. W. Swanson* and *G. W. Louttit,* for respondents.

GERAGHTY, J.—This is an application for a writ of prohibition to restrain the superior court of Snohomish county from further proceeding in an action there pending for the foreclosure by the county of its lien for delinquent taxes upon properties of the relator.

The facts upon which the application for the writ is based, are as follows:

In August, 1936, the treasurer of Snohomish county filed in the office of the county clerk a certificate of delinquency, running to the county and embracing all of

[1]Reported in 65 P. (2d) 395.

the parcels of real estate on which taxes were delinquent for the period of five years. The certificate was issued to the county as the basis for the statutory procedure for foreclosure of the county's liens.

Notice and summons was prepared in due form and published for the first time in the Everett Daily Herald, the official county newspaper, on September 14, 1936, and was thereafter published in the same paper on September 21, 22 and 28 and on October 5, 12, 19 and 26, 1936.

It will be noted that the notice and summons was published on September 21st, the seventh day after the first publication. With respect to the issue of the 21st, it was discovered, after some twelve hundred copies of the paper had been printed and sent for distribution to the more distant places in the county, that the property descriptions contained on one page—page 9-L—had been omitted. The error was then corrected as to the balance of that issue, with the result that, in an issue of somewhat more than fourteen thousand copies, about twelve hundred copies were defective. The notice was printed on the 22nd in a further effort to correct the defective publication of the 21st.

The published notice and summons embraced many thousands of individual descriptions of lots and tracts in the county, filling nine and one-half pages, of eight columns each, in the newspaper.

The parcels of property owned by the relator were not among those on page 9-L, but were carried in that portion of the notice printed in the whole of the issue. As one of the defendants in the foreclosure proceeding, relator moved to quash the service, contending that the publication was defective in that the full notice was not published, as required by the statute, once each week for six successive weeks.

The motion to quash was first heard by the late

Judge Alston, who, at the close of the hearing, announced his conclusion that, while he believed the service was defective as to the properties omitted from a part of the issue of the 21st, he thought the service good as against the properties of the relator, which were included, and, since no owner of property omitted from the full published notice of September 21st was protesting, he was not called upon to make a decision as to their rights.

Judge Alston died without making a formal order, and the motion to quash was re-assigned to Judge Bell, who, after a hearing, announced that he adhered to the views expressed by Judge Alston. Judge Bell deferred the entry of a formal order denying the motion to quash, to give the relator time to make the present application to this court.

█ Like the superior court, we are of the view that we are not called upon to pass on the rights of the owners of property omitted from the publication of the 21st, who are not before us, and, holding this view, the only question for decision is whether, notwithstanding the omission of some property from the published notice on September 21st, there is a valid service of process on the relator.

█ Rem. Rev. Stat., § 11278 [P. C. § 6882-117], relating to foreclosure by the county, provides that, when any property remains delinquent on the tax rolls of the county for five years, for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates to the county and file them, when completed, with the clerk of the court, after which the treasurer shall foreclose the certificates in the name of the county, the procedure to be followed being that prescribed for the foreclosure of certificates held by individuals, with the proviso:

" . . . that notice and summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax-rolls. . . . Said certificates of delinquency issued to the county may be issued in one general certificate in book form including all property, and the proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in said proceedings may be made co-defendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein. . . ."

It is to be noted that the foreclosure of a general county certificate is to be had in the manner provided for the foreclosure of certificates held by individuals. Section 11276 [P. C. § 6882-115], regulating the foreclosure of individual certificates, after prescribing the form of notice and summons, provides "that the notice and summons shall be served in the same manner as a summons in a civil action is served in the superior court;" that is to say, as provided in § 233 [P. C. § 8446].

The relator contends that, since the summons by publication in a civil action under § 233 is to be published once a week for six consecutive weeks, the notice and summons, in all its literal details as initially filed, is required to be published throughout; and that the omission of some of the property descriptions from any issue of the published summons is fatal to the whole.

While the statute provides for a general foreclosure of all delinquencies not covered by private certificates, the county's lien for taxes is several as against each described parcel. The interests of the several property owners named as defendants in the foreclosure proceeding are in no way interrelated. Even in an ordinary civil action, where there are several defendants

and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants severally liable in the same manner as if they were the only defendants. (Rem. Rev. Stat., § 236 [P. C. § 8449.]) So here, assuming that the service of the notice and summons was defective as to the properties not included in the whole of the issue of September 21st, the foreclosure could proceed to judgment as against the properties included in the publication, as being severally liable.

Rem. Rev. Stat., § § 11279 and 11280 [P. C. § § 6882-118, 6882-119], authorize the payment of the tax due on any parcel, with interest and costs, at any time before the execution of the deed. Now, let us suppose that, after the first publication of the notice and summons, the owners of the properties listed on page 9-L, being apprised of the county's purpose to foreclose and sell their properties, had paid the delinquent taxes and the county had deleted the redeemed parcels from the notice in subsequent publications, could it be said, with any show of reason, that this made the publication as to the rest of the property defective? We think not; and yet that, in effect, is the contention of the relator here.

The writ is denied.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.